IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL ROBERTS,

        Plaintiff,                  No. CIV S-11-0474 FCD DAD P

    vs.

JERRY BROWN et al.,

        Defendant.            ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. See 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of

the preceding month's income credited to plaintiff's trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

**SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S COMPLAINT**

In his complaint, plaintiff has identified Governor Brown, the Director of the California Department of Corrections and Rehabilitation, Warden McDonald, Associate Warden Beven, Dr. Swingle, Physician's Assistant Miranda, Nurse Clark, Nurse Reynolds, and Nurse Moore as the defendants in this action. Plaintiff alleges that the defendants have refused to

3

provide him with his prescription medication on a number of occasions because he was either not in his cell during pill distribution or was not in compliance with the applicable prison rules with respect to receiving medication, such as having his cell lights on during distribution of medication.  Plaintiff also alleges that he has received his prescribed medication late during certain lock-downs at his institution of confinement.  Finally, plaintiff alleges that part of his wheelchair had broken, causing it to become unstable and shake while in motion, but that defendants took more than seventeen months to replace it.  In terms of relief, plaintiff requests declaratory judgment and monetary damages.  (Compl. Attach. & Exs.)

## DISCUSSION

The allegations of plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, he must allege facts demonstrating how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

1  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of
2  official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673
3  F.2d 266, 268 (9th Cir. 1982).
4         To the extent that plaintiff wishes to pursue an inadequate medical care claim, he
5  is advised that he must allege how each defendant's conduct rose to the level of "deliberate
6  indifference" to his serious medical needs.  Deliberate indifference is "a state of mind more
7  blameworthy than negligence" and "requires 'more than ordinary lack of due care for the
8  prisoner's interests or safety.'"  Farmer, 511 U.S. at 835.  Under the deliberate indifference
9  standard, a person may be found liable for denying adequate medical care if he "knows of and
10 disregards an excessive risk to inmate health and safety."  Id. at 837.  See also Estelle v. Gamble,
11 429 U.S. 97, 106 (1976); Lolli v. County of Orange, 351 F.3d 410, 418-19 (9th Cir. 2003); Doty
12 v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).  A deliberate indifference claim
13 predicated upon the failure to provide medical treatment has two elements:

> First, the plaintiff must show a "serious medical need" by
> demonstrating that "failure to treat a prisoner's condition could
> result in further significant injury or the 'unnecessary and wanton
> infliction of pain.'"  Second, the plaintiff must show the
> defendant's response to the need was deliberately indifferent.

17 Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); McGuckin v. Smith, 974 F.2d 1050, 1059
18 (9th Cir. 1991) (an Eighth Amendment medical claim has two elements: "the seriousness of the
19 prisoner's medical need and the nature of the defendant's response to that need."), overruled on
20 other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).
21        In addition, to the extent that plaintiff has named prison staff members involved in
22 processing of his inmate appeals as defendants in this action, he is advised that prison officials
23 are not required under federal law to process inmate grievances and complaints in a specific way
24 or to respond to them in a favorable manner.  In this regard, even if named defendants delayed,
25 denied, or ignored plaintiff's administrative grievances and complaints, they have not deprived
26 him of a federal constitutional right.  It is well established that "inmates lack a separate

5

constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

        Finally, the court notes that plaintiff's allegations against California Governor Brown, Director of the California Department of Corrections and Rehabilitation, Warden McDonald, Associate Warden Beven, and Dr. Swingle do not appear to state a cognizable claim for relief. The Ninth Circuit has recently reaffirmed that a supervisory defendant may be held liable under § 1983 "'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Starr v. Baca, __ F.3d __, 2011 WL 2988827, at *4 (9th Cir. July 25, 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)). In his complaint, plaintiff has not alleged that the supervisory defendants were personally involved in his alleged constitutional deprivations. Nor has he alleged a sufficient causal connection between their conduct and any constitutional violation. If plaintiff still wishes to proceed against these defendants in this action, he will need to clarify in any amended complaint why these supervisory officials are named as defendants.

        Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### OTHER MATTERS

        Also pending before the court is plaintiff's motion for appointment of counsel and motion for a temporary restraining order. First, as to plaintiff's motion for appointment of counsel, the United States Supreme Court has ruled that district courts lack authority to require

counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

As to plaintiff's motion for a temporary restraining order, plaintiff is advised that his one-page motion is insufficient under Local Rule 231(c), so the court will construe it as a motion for a preliminary injunction. Plaintiff is advised that when an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. See Weinstein v. Bradford, 423 U.S. 147, 149 (1975); Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995). Here, plaintiff requests preliminary injunctive relief against staff at High Desert State Prison. However, court records reveal that since filing his motion for injunctive relief, plaintiff was transferred to the Correctional Training Facility. Accordingly, the court will deny plaintiff's motion for a temporary restraining order as moot.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (Doc. No. 14) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the

California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

6. Plaintiff's motion for appointment of counsel (Doc. No. 2) is denied.

7. Plaintiff's motion for a temporary restraining order (Doc. No. 3) is denied as moot.

DATED: August 11, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
robe0474.14a