UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL D. ROBERTS,<br><br>    Plaintiff,<br><br>    v.<br><br>M.D. McDONALD, et al.,<br><br>    Defendants. | No. 2:11-cv-00474-MCE-DAD P<br><br>**ORDER** |

This is a prisoner civil rights action that Plaintiff and Defendants voluntarily dismissed pursuant to a settlement agreement in September 2014.  Plaintiff has since filed two motions seeking enforcement of the settlement agreement.  ECF Nos. 97, 99.[1]  For the reasons that follow, Plaintiff's motions are DENIED.

Plaintiff claims that he settled this case for $4,150.00 and another case (Roberts v. CDCR, 2:12-cv-00247-KJM-AC (PC)) for $1,000.00.  Plaintiff states in his motions that he has thus far received only $257.50 (and $150 of that amount went towards payment of his only restitution fine).  Plaintiff seeks payment of the remaining $4,892.50 owed to him under the settlement agreement.

---

[1] Although Plaintiff labels his filings as motions to re-open this case, the substance of the motions indicates that he actually seeks enforcement of his settlement agreement.  See, e.g., Pl.'s Mot. at 2 ("plaintiff seeks to re-open this case to [e]nforce payment of the settlement agreements").  Cf. Fed. Rules Civ. P. 59 and 60.

On May 15, 2015, the Court ordered Defendants to respond to Plaintiff's allegation that they have not paid $4,892.50 owed to Plaintiff under the settlement agreement.  ECF No. 100.  In their response, Defendants explain:

> [W]hen Plaintiff signed the settlement agreement in August 2014, he had outstanding balances on three separate restitution obligations, not one, as he claims in his motions. Plaintiff's financial records show that he has been credited for the full settlement value of this case, and that the bulk of the settlement proceeds went to paying the balances on these three obligations.

ECF No. 101.  Defendants' response is based on the declaration of C. Mills, an Accounting Administrator in the Inmate Accounting Branch of the California Department of Corrections and Rehabilitation, which includes a record of Plaintiff's restitution payment history.  ECF No. 101-1, Ex. A.

Plaintiff filed a reply in which he suggests that Defendants should be required to "provide proof by means of a[n] abstract of judgment," and argues that "a statute of limitations would apply" to his restitution obligations that are nearly thirty years old.  The Court finds that the evidence that Defendants has submitted is sufficient, and that Plaintiff's statute of limitations argument is not persuasive.

Accordingly, Plaintiff's motions to enforce the settlement agreement (ECF Nos. 97, 99) are DENIED.

IT IS SO ORDERED.

Dated:  July 8, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT